## John T. Keables et al v. Effie Christie.

*Chattel mortgage—Seizure of goods in which third persons have undivided interests—Evidence of conversations—Sales to several buyers—Instructions.*

A married woman sued for the seizure of some goods in which she owned an undivided half interest. *Held*, that as she had shown a knowledge on the subject, her estimate of the aggregate value of the goods taken was admissible; and as the amount of sales was an element in arriving at the true condition of the stock, it was also proper to allow her to state the value of the goods sold out of the store during her own attendance on the store.

In an action by a married woman for the seizure of property mortgaged by her husband and son, but in which she had an undivided interest, evidence of defendant's conversations with the mortgagers on their own private business, and in plaintiff's absence, is inadmissible. But evidence bearing on a conversation between defendant and plaintiff concerning the purchase of the property for herself and her husband is competent to show his knowledge of her interest.

Where a defendant is cross-examined as to an alleged conversation with plaintiff, and denies the conversation, the questions can do him no harm.

Where the record does not give the answers of a party on cross-examination, it cannot be assumed that the questions did any harm.

Where mortgaged property is wrongfully seized by the mortgagees and an officer acting in their behalf, all who take part in the trespass are jointly liable for the value of the plaintiff's interest.

One who has an undivided interest in a stock of goods seized and sold under a mortgage given by the other owner is damaged by the conversion to the extent of his interest, for he is not bound to take back what is left after the mortgagees have sold as much as they see fit.

A sale to two persons is presumed to enure to them equally, in the absence of a showing, and any one who knows of such an interest must know that it can only be transferred by its owner or by some one acting by the owner's authority.

Where an owner of an undivided interest in goods mortgages them, an agreement by the other owner to pay the mortgage, or an actual part payment, will not of itself bring his own interest within the mortgage.

Specific requests to charge need not be given so long as all the party has a right to ask is covered by the charge.

Where the damages by trespass are expressly limited to the actual loss, a reference in the charge to malice is not prejudicial.

Error to Van Buren. Submitted Jan. 18. Decided Jan. 25

CASE. Defendants bring error. Affirmed.

*Mills, Knowles & Hilton* for plaintiffs in error.

*Wm. H. Tucker* and *Geo. M. Buck* for defendant in error.

CAMPBELL, J. Mrs. Christie sued defendants below, who are plaintiffs in error, for trespass in taking from her possession and selling a stock of goods of which she was owner of an undivided half. They acted under a mortgage given by her husband [David] and son [Albert], and under claim that it covered the entirety. The jury found in her favor, and errors are assigned on the rulings of the circuit court of Van Buren, where the suit was brought. It is not now claimed that defendants could be justified if she owned the interest in question and had not estopped herself in any

way. The jury have settled this unless error is found in the proceedings on trial.

The first and second assignments complain that it was. error to allow Mrs. Christie to state the aggregate value of the goods which she claimed to have been taken, and also the value of the goods sold out of the stock during her own attendance on the store. As she had shown a knowledge on the subject, we think her estimate of value was admissible. And we think the amount of sales was a proper item. of testimony as one element of getting at the true condition of the stock.

We do not think it was error to exclude evidence of Keables' conversations in Mrs. Christie's absence with Albert and David Christie on their own private business. It was foreign to her.

Assignments 4 to 12 relate to questions allowed to be put to Keables on cross-examination. The only two questions. to which answers are set out related to conversations with plaintiff indicating a knowledge of Mrs. Christie's resources, and of her pecuniary interests. As his answers denied the conversation, they could do him no harm. But they were pertinent on the question of notice of her rights. As no answers are given to the rest we cannot assume any harm was done by the questions. The thirteenth assignment objects to the questions and answers bearing upon a conversation between Keables and Mrs. Christie concerning the purchase by her and her husband of these very goods. This was clearly competent to show his knowledge.

In regard to the charges given and refused the assignments are not all sustained by the record. It was properly charged that if the defendants all participated in the trespass. they were jointly liable, and liable for the value of her interest. If there was any trespass at all, there was a conversion which damaged her to that extent; for she was not. bound, after they had sold so much of the property as they chose, to take back the remainder, unless she saw fit. A stock of goods once broken up in that way may not be very desirable, and parties who have been guilty of such a wrong must abide the consequences.

There can be no doubt that, unexplained, a sale to two persons enures to them equally. And this being so, any one knowing of such an interest must know that it can only be transferred by the owner or his authority. An agreement to pay or actual part payment of a mortgage by the other owner cannot be made to operate as an extension of the mortgage to cover her own interest. The court was very full and careful in telling the jury in several different forms that any act of hers tending to recognize or to induce others to believe in the authority of the mortgagors to cover the entire property would estop her and protect the mortgagees. It was not incumbent on the court to grant the requests of defendants specifically so long as most that they asked, and all that they had a right to ask in this direction, were carefully given.

As the measure of damage was expressly limited to the actual loss of plaintiff the reference to malice did no harm. And the amount of the verdict leads to no suspicion that the jury disregarded the direction on this head.

We think the charge concerning the effect of intermingling goods* was as broad as could be asked, and possibly broader in favor of defendant than the testimony warranted.

---

* The instructions were as follows:

"The jury are instructed that if they find from the evidence that the goods covered by the mortgage were so intermixed and intermingled by the plaintiff with other goods at the time of the alleged taking that they could not be identified or separated from the other goods, then defendants might lawfully take the whole, and in doing so they would not be trespassers.

＊        ＊        ＊        ＊        ＊        ＊        ＊

The jury are instructed, if they find part of the goods in the mortgage were the goods of Albert Christie, purchased by him on credit or otherwise, and plaintiff bought the interest of Albert Christie in said goods, so purchased by him, that as to such goods the mortgage would be a first and prior lien thereon, and defendants had a right to take such goods, and if they further find said last goods were intermingled by plaintiff, or her agents with those of the plaintiff, and that plaintiff did not separate her goods therefrom when requested, and they could not be separated, then defendants were justified in taking any of the goods so intermingled; that is, gentlemen, if Albert purchased the goods as his own,—as his own property,—and gave a mortgage thereon prior to the conveyance to his mother, then and in that case the mortgage would be a prior lien—a first lien upon those goods."

Although the assignments are numerous they fall within a few heads, and we have discovered none which are not covered by the general charge of the court, which are not. answered by what has been already said.

There is no error in the proceedings, and the judgment must be affirmed with costs.

The other Justices concurred.